536 A.2d 1364

**Sylvia VERDILE**

v.

**Vincent VERDILE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1987.

Filed Jan. 19, 1988.

Morton B. Debroff, Pittsburgh, for appellant.

Mark T. Knapp, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and JOHNSON and MONTGOMERY, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County granting a decree in divorce, an award of permanent alimony and counsel fees, and an award of equitable distribution of marital property.

Mrs. Verdile filed a complaint against her husband seeking a divorce, equitable distribution, alimony pendente lite, alimony, counsel fees, and expenses. Mr. Verdile answered the complaint and filed a counterclaim for alimony, eq-

uitable distribution, counsel fees, costs, and expenses. A hearing was held before the Honorable R. Stanton Wettick on the economic issues. On June 6, 1984, the court issued an order directing appellant to pay alimony pendente lite in the amount of $300.00 per month and granting Mrs. Verdile exclusive possession of the marital residence for one year.

Another hearing was held on May 6, 1986. A modified order of support was entered on June 2, 1986, ordering Mr. Verdile to pay $250.00 per month as alimony pendente lite, plus arrearages in the amount of $2,358.70. Appellant was determined to be in contempt and given the opportunity to purge himself by compliance with the order. Mr. Verdile's unemployment compensation was attached, and on June 6, 1986 the court issued an order awarding Mrs. Verdile, inter alia, two thirds of the marital share of appellant's retirement benefits and sixty percent of the remaining marital assets. Alimony pendente lite was terminated as of July 1, 1985, and replaced with permanent alimony as of that date in monthly payments of fifty percent of husband's net monthly income over $800.00, not to exceed $4800.00 per year. The order specified that net monthly income did not include the marital share of retirement benefits awarded to Mr. Verdile. Post-trial motions were filed and denied, and Mr. Verdile appealed. On February 17, 1987 a per curiam order was entered quashing the appeal as interlocutory because, due to oversight on the part of the trial court and both parties, a divorce decree had not yet been entered. *See Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986) (en banc) (pre-divorce order of equitable distribution entered before divorce decree is not a final appealable order). *See also* Pa.R.A.P. 1701(b)(6), 42 Pa.C.S.A.

Thereafter, appellant filed a motion to vacate the June 6 equitable distribution order and Mrs. Verdile petitioned the court to enter a divorce decree. On March 10, 1987, the court entered an order denying appellant's petition to vacate and granting a decree in divorce. At the same time, the court rendered final its equitable distribution order of June 6, 1986. Appellant files this timely appeal.

Mr. Verdile raises the following issues: (1) whether the trial court erred in entering a decree of equitable distribution prior to entering a decree of divorce; (2) whether the court abused its discretion in making findings and entering an order regarding five different categories of matters to which there was no probative testimony presented; and (3) whether the court abused its discretion when it awarded Mrs. Verdile two thirds of her husband's retirement benefits.

## I

In *Campbell v. Campbell*, 357 Pa.Super. 483, 516 A.2d 363 (1986) (en banc), this court was faced with a procedural mishap similar to the one before us. In *Campbell*, as in the instant case, the trial court and the parties erroneously believed that a decree of divorce had been entered prior to the order of equitable distribution. A pre-divorce order of equitable distribution, even one entered upon the mistaken belief that a divorce decree has been entered, is not a final order. *Id.*, 357 Pa.Superior Ct. at 488, 516 A.2d at 365. We agree with appellant that entry of an equitable distribution order prior to entry of a divorce decree is error; at that point the order is interlocutory and unappealable. That is why Mr. Verdile's initial appeal was quashed by this court. While "[t]he courts of common pleas have been given [subject matter] jurisdiction to hear and decide divorce actions and related economic claims[,] . . . [t]o enter a decree of equitable distribution prior to a divorce decree . . . is improper." *Reese v. Reese*, 351 Pa.Super. 521, 526, 506 A.2d 471, 474 (1986). The courts of common pleas are empowered to order equitable distribution only "contemporaneously with or subsequent to a decree in divorce." *Campbell*, 357 Pa.Super. at 488–89, 516 A.2d at 366 (citations omitted). "Equitable distribution is an incident of divorce, not marriage." *Id.* A trial court therefore is empowered to enter a distribution order only when the marriage is legally terminated.

■ In the case before us, the marriage between Mr. and Mrs. Verdile was legally terminated on March 9, 1987; at that time the court rendered final its equitable distribution order. The distribution order is reviewable once rendered final by entry of a divorce decree. *Id.* Therefore, we disregard the circuitous route taken in this case and conclude that the equitable distribution order is now ripe for appellate review.

## II

Mr. Verdile also claims that the trial court abused its discretion in entering the March 10, 1987 order, which rendered final the equitable distribution order of June 6, 1986. The June 6th order provided:

On this 6th day of June, 1986, upon consideration of the parties' claims for equitable distribution, alimony, and counsel fees, it is hereby ORDERED that:

(1) the wife (Sylvia Verdile) is awarded the marital residence. Within forty-five (45) days, the husband (Vincent Verdile) shall prepare a deed executed by the wife conveying this property to the wife.

(2) The wife is awarded her life insurance, her IRA, the household goods in the marital residence, the U.S. Savings Bonds, and $16,620 of the proceeds of the money market funds and certificates of deposit.

(3) The husband is awarded his life insurance, his IRA, the parties' motor vehicles, and proceeds of $31,980 from the parties' certificates of deposit and money market funds.

(4) The wife is awarded two-thirds of the marital share of the husband's retirement benefits. To implement this award, the parties shall prepare a Qualified Domestic Relations Order which meets the requirements of the Retirement Equity Act of 1984 and is acceptable to the Plan Administrator. For purposes of determining the marital share of these benefits, this court finds that the parties were married on October 8, 1955 and separated on October 27, 1983.

(5) The husband is awarded the remaining share of the retirement benefits.

(6) The wife is awarded counsel fees of $3,000 which shall be paid from the proceeds awarded to the husband.

(7) The outstanding arrearages shall be paid to the wife from the proceeds awarded to the husband.

(8) The current court order governing alimony pendente lite shall terminate as of July 1, 1985. As of July 1, 1985, the wife is awarded permanent alimony calculated pursuant to paragraph 9 that shall terminate upon her death, her remarriage, or when the husband reaches age sixty-five (65).

(9) The wife shall receive monthly alimony payments in an amount of fifty (50%) percent of the husband's net monthly income in excess of $800, provided, however, that the wife shall not receive alimony within any calendar year in excess of $4,800. The husband's net monthly income shall not include the marital share of any retirement benefits awarded to the husband in paragraph 5.

(10) All other claims of either party to equitable distribution, alimony, and counsel fees are dismissed.

(11) This decree shall become final in accordance with Pa.R.C.P. Nos. 1920.52(a) and 227.4.

Mr. Verdile makes the following specific allegations in support of his attack on the order: (1) there is no testimony to support any claim that Mr. Verdile is employable; (2) there is testimony to support a conclusion that Mrs. Verdile is employable; (3) the record contains no probative testimony about the alleged physical or emotional problems of Mrs. Verdile; (4) there is no evidence in the record to support any claim of reasonableness of Mrs. Verdile's counsel fees, or the reasonableness of having Mr. Verdile pay $3000.00 toward those fees; and (5) there is no evidentiary support for the award of permanent alimony to Mrs. Verdile.

The parties were separated in 1983 after twenty-eight years of marriage. They have two emancipated children. At the time of the hearing on May 6, 1986, Mr. Verdile, a former steel worker, was on layoff status and had been

unemployed for approximately six months. With respect to employability, he testified: "I don't have any plans for future employment, just figure I do what the rest of the people do in life.... Well, I look for anything, but nothing out there." Moreover, appellant testified that he has the ability to install windows and to do remodeling work. Mr. Verdile's sole income at the time was $100.00 of unemployment benefits. Although he is not retired, Mr. Verdile is eligible for a thirty-year pension benefit in the amount of approximately $588.00 per month.

An order determining equitable distribution will be reversed on appeal only for an abuse of discretion. *Sergi v. Sergi*, 351 Pa.Super. 588, 591, 506 A.2d 928, 930 (1986). An abuse of discretion is found only if there is insufficient evidence to support the trial court's determination. *Fortune v. Fortune*, 352 Pa.Super. 547, 553, 508 A.2d 1205, 1208 (1986). In determining whether a court has abused its discretion, we do not usurp the trial court's duty as fact finder. *Barnhart v. Barnhart*, 343 Pa.Super. 234, 237, 494 A.2d 443, 444 (1985); *Ruth v. Ruth*, 316 Pa.Super. 282, 287, 462 A.2d 1351, 1353 (1983).

■ Keeping in mind that the court was free to accept or reject each party's testimony, we perceive no error in the trial court's finding that Mr. Verdile is employable. *See Baraff v. Baraff*, 338 Pa.Super. 203, 487 A.2d 925 (1985). This finding is supported by credible evidence, and is therefore binding on review.

■ With respect to Mrs. Verdile's employability, the trial court determined she has no job skills. Mrs. Verdile assumed primary responsibility for raising the parties' children and maintaining the home throughout the marriage while Mr. Verdile provided financial support. In addition, the court found that appellant had physically and mentally abused Mrs. Verdile throughout the marriage. The court found Mrs. Verdile's testimony credible, and accepted her testimony that serious physical and emotional problems prevent her from working. *See Baraff*, 338 Pa.Super. at 210, 487 A.2d at 929. Based on our review, we conclude the

evidence was sufficient to support the trial court's finding that Mrs. Verdile was not employable, and therefore we find no abuse of discretion. *Sergi*, 351 Pa.Super. at 591, 506 A.2d at 930.

■ Appellant also claims that the record contains no probative testimony, that is, expert medical testimony, of Mrs. Verdile's emotional and physical problems. The court found no merit to this claim, concluding that Mrs. Verdile's testimony concerned matters with which a lay person would be familiar. Mrs. Verdile testified that she was on medication (Serax and Desyrel) for anxiety, nervousness, and depression, and that she suffered from swelling and arthritis in her left leg and ankle. She also testified that she was brutally abused:

> I was locked in a hole in the porch, and he [appellant] kept hitting me with the heel of his shoe. Then when I tried to get out, he threw me back in there, and I was in there for about three hours, and he said he was going to burn me up in there.... He would tell me I was the bottom of the barrel ... and he used to push me around at the beginning, but then he put a knife to my throat. Then he started on the kids, and I was afraid he was going to hurt one of my daughters, which he did. He tried to throw her down a pair of steps the last time he was there, and she had to have back surgery because of it.... We used to go to bed with our clothes on because we didn't know when he was going to throw us out in the middle of the night in our bed clothes.

Although the court excluded as hearsay a medical report which Mrs. Verdile sought to introduce to substantiate her claims, the court's finding that Mrs. Verdile's emotional and physical problems did in fact exist based on her own testimony is supported by the evidence. This testimony was unrebutted by appellant. The identity of Mrs. Verdile's treating physicians was known to appellant, therefore prompting the court to find that he was in the position to refute her testimony by calling these physicians as witnesses. This he failed to do.

With respect to the court's award of counsel fees, the record reveals that Mrs. Verdile's counsel fees are in excess of $5,000.00. The court awarded Mrs. Verdile $3,000.00 in counsel fees after evaluating the financial situation of each party and their respective future earnings.

■ In reviewing an award of counsel fees, this court is limited to a determination of whether the trial court abused its discretion. *McNulty v. McNulty*, 347 Pa.Super. 363, 500 A.2d 876 (1985). As we pointed out above, in determining whether the court has abused its discretion, we do not usurp the court's duty as fact finder. *Barnhart*, 343 Pa.Super. at 237, 494 A.2d at 444.

Here, the court pointed out that "through the equitable distribution award, giving [husband] most of the liquid assets, [he] is in a better position to pay [the fees]." The court evaluated the financial situation of each party and their respective future earnings, and concluded an award of $3,000 was reasonable. We find no abuse of discretion. *McNulty*, 347 Pa.Super. at 367, 500 A.2d at 877; *see also Dech v. Dech*, 342 Pa.Super. 17, 492 A.2d 41 (1985) (determination of award of counsel fees is made on case-by-case basis after analysis of all relevant factors including husband's ability to pay, separate estate of wife, and character, situation, and surroundings of parties).

Appellant also claims there is no evidentiary basis for the court's award of permanent alimony to Mrs. Verdile. Under the Divorce Code, the court may allow alimony as it deems reasonable only if it finds that the party seeking alimony: (1) lacks sufficient property to provide for his or her reasonable needs; and (2) is unable to support himself or herself through appropriate employment. 23 P.S. § 501(a); *see also id.* § 102(a)(6) (it is the policy of this Commonwealth to effectuate economic justice between parties who are separated or divorced and grant or withhold alimony according to actual need and ability to pay and to insure a fair and just determination and settlement of their property rights).

■ The court's order specifies that alimony is to be paid only if appellant's net monthly income exceeds $800.00, in

which case Mrs. Verdile is entitled to fifty percent of the excess. In addition, the annual alimony award is not to exceed $4800.00 per year, and the award does not include as monthly income the husband's retirement benefits. The alimony award is very restricted. As a practical matter, alimony is not likely to become a reality, taking into consideration the appellant's current monthly income and his attitude toward future employment. Based on the trial court's findings and our limited review of alimony awards, we find no abuse of discretion here. *See* 23 P.S. § 501(a), (b); *Miller v. Miller,* 352 Pa.Super. 432, 508 A.2d 550 (1986).

### III

Finally, Mr. Verdile claims that the court's award to Mrs. Verdile of two thirds of the marital share of his pension was an abuse of discretion. We do not agree.

Under Pennsylvania law, pension benefits, both vested and non-vested, have been designated as marital property and are thus subject to equitable distribution. *Barnhart v. Barnhart,* 343 Pa.Super. 234, 494 A.2d 443 (1985); *Flynn v. Flynn,* 341 Pa.Super. 76, 491 A.2d 156 (1985); *Braderman v. Braderman,* 339 Pa.Super. 185, 488 A.2d 613 (1985); *King v. King,* 332 Pa.Super. 526, 481 A.2d 913 (1984); *see also Major v. Major,* 359 Pa.Super. 344, 518 A.2d 1267 (1986) (military pension benefits are marital property to extent they are acquired during marriage). We do not disagree with the court's finding that Mr. Verdile's pension was includable as marital property and thus subject to equitable distribution between the parties, nor do we disagree with the court's finding that, for purposes of computing the marital share of the pension benefits, the parties were married on October 8, 1955 and separated on October 27, 1983. The court's award of two thirds of the marital share of the pension benefits to Mrs. Verdile is, under the circumstances, an equitable distribution. *See* 23 P.S. § 401(d). "In many equitable distribution cases, an employee's retirement plan represents one of the most valuable assets accumulated by the marital parties. Often, the marital home is the only other major asset." *Major,*

359 Pa.Super. at 350, 518 A.2d at 1270. Such is the case here.

Based on inventories and appraisals executed by the parties, the court valued the parties' assets, exclusive of the pension, as follows:

| | |
|---|---|
| Marital Residence | $40,000 |
| Certificates of Deposit | 36,000 |
| Money Market Funds | 12,600 |
| U.S. Savings Bonds | 4,000 |
| Husband's Life Insurance | 4,900 |
| Wife's Life Insurance | 1,500 |
| Husband's IRA | 2,200 |
| Wife's IRA | 300 |
| Household Goods | 2,200 |
| Motor Vehicles | 4,000 |

The court awarded Mrs. Verdile the marital residence, the household goods, her life insurance, her IRA, the United States Savings Bonds, and $16,620.00 of the proceeds from the money market funds and certificates of deposit. Her award is valued at $64,620.00, exclusive of her share of the pension and permanent alimony. The court awarded Mr. Verdile his life insurance, his IRA, the motor vehicles, and proceeds of $31,980.00 from the certificates of deposit and money market funds. His award, exclusive of the pension, is valued at $43,080.00.

As previously noted, Mr. Verdile is entitled, upon retirement, to a thirty-year pension benefit of approximately $600.00 per month. In light of the value of the property set apart to each party, see 23 P.S. § 401(d)(8), the sources of income of both parties, see id. § 401(d)(6), and the economic circumstances of each party, see id. § 401(d)(10), we conclude that the court's award to Mrs. Verdile of two thirds of the marital portion of the pension is not an abuse of discretion.

We recognize that "equitable does not automatically mean equal." N. Perlberger, *Pennsylvania Divorce Code* § 5.2 at 3 (1980); *see also Semasek v. Semasek* 331 Pa.Super. 1, 11, 479 A.2d 1047, 1052 (1984) (concept of equitable distribution is not an equal division of the marital property). A court must apply the factors set forth in § 401(d) of the

Divorce Code. *LaBuda v. LaBuda,* 349 Pa.Super. 524, 503 A.2d 971 (1986). This the trial court did.

We have carefully reviewed the economic futures of each party, and point out that each party has limited resources and little or no future earning capacity. We have also considered the fact that the court awarded the marital home to Mrs. Verdile. However, we note that Mr. Verdile is temporarily in layoff status and is hopeful of returning to work. Should that occur, or should Mr. Verdile become a participant in another pension plan, none of the pension benefits thereby accrued would be subject to equitable distribution. Mr. Verdile's entire existing pension is not to be distributed. It is only that portion attributable to the marriage that is subject to equitable distribution, specifically, that portion which accrued between the date of marriage, October 8, 1955, and the date of separation, October 27, 1983. Mr. Verdile became eligible for the pension benefits approximately four years prior to the marriage. This portion is non-marital, as is any portion accruing after the date of separation. The non-marital portion, which is not yet fixed, was properly considered by the trial court pursuant to 23 P.S. § 401(d)(8). We conclude, therefore, that the trial court's award of two thirds of the marital share of the pension to Mrs. Verdile was not an abuse of discretion.

Order affirmed.