## Pietrone v. Pietrone

C.P. of Allegheny County, no. FD 05-4230-003.

*Robert L. Garber,* for plaintiff.
*Gregory Paul Pietrone,* pro se.

WECHT, *J.,* November 21, 2008—This appeal arises from the court's September 16, 2008 order. That order, which followed a four-day trial, disposed of the economic claims between plaintiff Sharon Ruth Pietrone (Wife) and defendant Gregory Paul Pietrone (Husband).

## BACKGROUND AND PROCEDURAL HISTORY

The parties married on October 1, 1988. On July 18, 2005, Wife filed a complaint for support and shared custody. On February 21, 2006, Wife filed a divorce complaint. The trial on economic claims in divorce, originally scheduled (per a November 14, 2007 order) for two days, began on March 19, 2008 and continued on March 20 and April 24, 2008. Due to scheduling conflicts of both parties, and despite the court's offer of intervening dates, the trial did not conclude until August 28, 2008.[1]

Between May 2008 and August 27, 2008, the parties became involved in a discovery dispute. On May 16, 2008, this court ordered Husband to answer Wife's discovery request.[2] On July 11, 2008, this court issued a

---

1. The transcripts for March 20, 2008 and April 24, 2008 were sent to the Superior Court with the record for the appeal docketed at 1445 WDA 2008. Therefore, this court was unable to view those transcripts in preparing this opinion.

2. Husband appealed this order at 872 WDA 2008. The Superior Court quashed the appeal.

rule to show cause directing Husband to comply with the discovery request.[3] On August 25, 2008, this court held an evidentiary hearing on the rule to show cause. In an August 27, 2008 order, this court found Husband in contempt and precluded Husband from offering testimony or evidence regarding those matters about which he should have provided discovery materials.[4]

On September 16, 2008, following the four-day trial, this court issued its order disposing of the parties' economic claims. On October 1, 2008, Husband filed his notice of appeal. On October 3, 2008, this court directed Husband to file a concise statement of the errors complained of in the appeal. On October 7, 2008, prior to filing his concise statement, Husband requested that this court reconsider the September 16, 2008 order. The request was denied. Husband timely filed his concise statement on October 20, 2008.

## ISSUES RAISED ON APPEAL

In his Pa.R.A.P. 1925(b) statement, Husband alleges (verbatim and uncorrected for spelling or syntax by this court) the following errors:

"(1) Did the lower court error and/or abuse its discretion to create an order that on its face is impossible to perform? Yes.

---

3. Husband appealed this order at 1185 WDA 2008. The Superior Court quashed the appeal.

4. Husband appealed this order at 1445 WDA 2008. The Superior Court quashed the appeal. For a more detailed procedural history and this court's reasoning for the August 27, 2008 order, see this court's October 23, 2008 opinion, available online at PICS no. 08-1775, *Pennsylvania Law Weekly,* November 3, 2008.

"(2) Did the lower court manifestly error in applying the law to the case at hand? Yes.

"(3) Did the lower court error or abuse its discretion of the court to not make a proper ruling as the evidence and testimony indicates? Yes.

"(4) Did the lower court judge abuse the discretion of the court to give favor to an attorney? Yes.

"(5) Did the lower court error or abuse the discretion of the court to allow favor to the plaintiff on appriased and un-appraised value to articles of personal property? Yes.

"(6) Did the lower court error or abuse its discretion by not allowing any relief to the defendant for the maintenance and payments to the marital residence mortgage(s) and ajoining property from the time of separition to the present? Yes.

"(7) Did the lower court error, abuse its discretion, and possibly violate this party's constitutional rights by awarding counsel fees? Yes.

"(8) Did the lower court error in law or abuse its discretion to unilatorally dismiss all claims? Yes.

"(9) Did the lower court abuse its discretion or error to not distingish proper value to AXA insurance cash out? Yes.

"(10) Did the lower court error or abuse its discretion to attach values to various entities with no evidence to support such worth or existence? Yes.

"(11) Did the lower court judge error or abuse its discretion by its total calculations? Yes.

"(12) Did the lower court error and/or abuse its discretion to place values on real property? Yes.

"(13) Did the lower court error or abuse its discretion by making total values out of context? Yes.

"(14) Did the lower court error or abuse its discretion by not allowing a faul divorce procedure to be advocated? Yes."

## DISCUSSION

The first issue to address is whether the September 16, 2008 order is ripe for appeal. A pre-divorce decree order of equitable distribution is not a final order. *Verdile v. Verdile,* 370 Pa. Super. 475, 479, 536 A.2d 1364, 1366 (1988). An order for equitable distribution is reviewable once a divorce decree has been entered. *Id.* at 480, 536 A.2d at 1366. In this case, a divorce decree had not yet issued at the time that Husband filed his appeal. On October 20, 2008, Wife filed her notice of intent as directed by Pa.R.C.P. 1920.42(d). On November 13, 2008, Wife filed an amended praecipe to transmit the record. On November 14, 2008, the divorce decree issued. Husband's appeal was taken prematurely. Nonetheless, the September 16 order will be made final prior to the deadline for the filing of this court's opinion. Therefore, this court proceeds to address the merits of Husband's appeal.

Many of the issues raised in Husband's concise statement are simply too broad to allow this court to respond. A concise statement must identify each error with sufficient detail. If it does not, those issues are waived. Pa.R.A.P. 1925(b)(4). This court finds that the issues Husband asserts at points one (impossibility of performance), two ("error in applying the law"), three (improper "ruling"), eight (dismissing "all claims"), 10 (attach-

ing values "with no evidence"), 11 ("total calculations" wrong) and 13 ("total values out of context") are too vague to permit judicial response. In these issues, Husband does not refer the court to anything that is even remotely specific. Instead, Husband asserts general and overbroad issues that do not guide this court toward any instances of alleged error. Therefore, as a matter of law, these issues have been waived. See *Commonwealth v. Heggins,* 809 A.2d 908, 911 (Pa. Super. 2002) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no concise statement at all.").

Husband's first claim of error asserts that this court was biased in favor of Wife because she was represented by an attorney. Husband has raised this issue in each of his three recently quashed appeals. This case has been before this trial court for over three years.[5] There have been rulings for and against both parties. There is no evidence of bias. There is no merit to Husband's contention. This court addressed this very same claim in its October 23, 2008 opinion concerning Husband's appeal at 1445 WDA 2008 (an appeal that the Superior Court quashed).

Husband's next alleged error appears to be that this court credited Wife's values for various items of personal property. Without any specific averments, it is difficult for this

---

5. This case, commenced in 2005, has resulted in numerous orders and memoranda, two opinions by this court (docketed at 1909 WDA 2005 and 1445 WDA 2008), six appeals by Husband to the Superior Court (1659 WDA 2005, appeal quashed; 1909 WDA 2005, trial court affirmed; 872 WDA 2008, appeal quashed; 1185 WDA 2008, appeal quashed; 1145 WDA 2008, pending; 1645 WDA 2008, pending), and one appeal by Husband to the Supreme Court (477 WAL 2006, petition for allowance of appeal denied).

court to determine which items of the marital estate Husband contends were improperly valued. To meet the general with the general, it should be stated that this court found Wife's testimony to be credible. Wife testified to her belief about the value of many items of personalty in the marital estate. Wife testified extensively as to the value of items in the marital estate. (3/19/08 T. at 24-29, 176-78, 182, 184-87, 193-98, 202-206.) The owner of property is competent to testify regarding its value. *Williamson v. Williamson,* 402 Pa. Super. 276, 291, 586 A.2d 967, 974 (1991). Wife's testimony was based on her rational perception, making it admissible as opinion testimony of a lay witness. Pa.R.E. 701. Additionally, Wife's testimony, was, in most cases, the only evidence available to the court because Husband was precluded from testifying due to his consistent and serial violation of various discovery orders. This court used the credible testimony and evidence before it to help determine the values of the property within the marital estate.

Husband also alleges that this court erred by not providing some sort of relief for payments he made on the mortgage for the marital residence. Husband remained in the marital residence after separation. Husband continued to make payments on the mortgage and line of credit secured by the marital residence. In general, the spouse that remains in the marital residence assumes the obligation for these payments. Pa.R.C.P. 1910.16-6(e).[6] Additionally, any reduction in the mortgage corresponds with an increase in the equity of the marital residence.

---

6. Although this rule speaks to the mortgage deviation in support actions, it manifests the assumption that the occupier of the marital residence assumes responsibility for the mortgage and other payments.

Since Husband was awarded the marital residence, he received both the enjoyment of the premises and the benefit of the increase in equity. This court concluded that Husband properly bore the associated costs in this case.

Husband claims that this court erred in awarding counsel fees to Wife. The court may award counsel fees if a litigant's conduct is dilatory, obdurate or vexatious. 42 Pa.C.S. §2503(7). Here, this court specifically found that Husband's conduct throughout the trial on economic claims, as well as the course of the litigation, was dilatory, obdurate and vexatious. Husband was uncooperative with discovery requests. Husband insisted on attempting to introduce evidence for a fault divorce which had been excluded by a motion in limine. Husband brought multiple frivolous appeals and motions. (8/28/08 T. at 164-66, 169-71.) This litigation has been both his crusade and his plaything. As a result, Wife's attorney bills were well over $70,000. (8/28/08 T. at 61.) Sally Miller, Esquire, who was Wife's former counsel and who was qualified following examination on the record to opine as a trial expert in matrimonial law, testified that she believed Husband had pursued positions and claims that were frivolous and without merit, and that, in her opinion, Husband's conduct caused Wife to incur excessive legal fees. (3/19/08 T. at 65-66, 68, 72-75.) This court concluded that a large portion of these bills arose due to Husband's conduct. This court therefore awarded Wife $25,000 in counsel fees. This court could well have awarded more (and Wife sought more), but this court did not do so due to the financial circumstances of the parties.

Husband alleges that this court erred in its determination of the AXA life insurance cash value. This court

found that Husband had cashed in the life insurance policy for $4,539. This court deemed this an advance on equitable distribution because the policy was marital property and was cashed in after the parties separated. Wife testified that Husband's $50,000 AXA life insurance policy had been cashed in by Husband for $4,539. (3/19/08 T. at 208-209.) Wife's testimony was credible. There was no evidence offered to contradict her testimony because Husband was precluded from offering testimony on this subject due to his willful noncompliance with the discovery orders. (8/28/08 T. at 1146-47.) It was reasonable for this court to find that Husband had cashed in his life insurance policy. It would have been unreasonable for this court not to do so.

Husband's next claim of error is that this court erred by placing values on pieces of real property. It is the duty of this court, in equitable distribution, to find a value for all components of the marital estate for which there is competent evidence. Here, Wife's expert credibly testified as to the value of the marital residence and the adjoining vacant lot. (3/19/08 T. at 136-45.) Husband also produced an expert. This court permitted him to testify over Wife's objection. Husband's expert testified that some of the comparables he used were only on lots of one third of an acre or less in size, while the marital residence was on a lot that exceeded two acres. Husband's expert did not deem the difference in acreage significant. This court did not find Husband's expert particularly persuasive. The court agreed with Wife's expert, and accordingly found that the marital residence has a value of $170,500 and that the vacant lot has a value of $27,000.

Husband's final allegation of error is that this court did not allow Husband to attempt to procure a fault-based

divorce. Husband wished to obtain a fault divorce under 23 Pa.C.S. §3301(a). Wife, who filed for divorce, alleged that the grounds for a no-fault divorce for irretrievable breakdown had been met. 23 Pa.C.S. §3301(d). (8/28/08 T. at 62.) The statute requires that, if the grounds for a no-fault divorce are met, the court *shall* grant the divorce without hearing any other grounds. 23 Pa.C.S. §3301(e). In a similar case, the Superior Court held that it was not error for the trial court to grant a no-fault divorce despite the husband's allegations of fault. *Rich v. Acrivos,* 815 A.2d 1106, 1109 (Pa. Super. 2003). Husband's conduct has evinced hostility toward Wife due to her perceived marital misconduct. (8/28/08 T. at 62-65, 134-35, 136.) Husband stated that he was continuing the litigation to try "to set right what was done wrong to [him] . . . ." (8/28/08 T. at 164.) Because it was evident that no-fault grounds had been established and that evidence of any alleged misconduct by Wife would not be relevant to the trial on economic claims, this court granted Wife's motion in limine on March 19, 2008. (3/19/08 T. at 13-18.) The order precluded Husband from producing evidence of Wife's alleged misconduct "*except* that defendant may elicit evidence of marital misconduct, if, *but only* if, it directly connects to one or more of the statutory factors for equitable distribution."[7] Because no-fault grounds were available, this court did not allow Husband to proceed on a fault basis.

---

7. While marital misconduct is a consideration in determination of alimony, 23 Pa.C.S. §3701, there was no pending request for alimony before the court.