J-A35012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL MACKAY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KAREN MACKAY, | |
| Appellee | No. 99 WDA 2014 |

Appeal from the Order December 16, 2013
In the Court of Common Pleas of Allegheny County
Family Court at No(s): F.D. 09-009303-001

BEFORE:  BENDER, P.J.E., BOWES, J., and ALLEN, J.

MEMORANDUM BY BENDER, P.J.E.:                  **FILED FEBRUARY 24, 2015**

Paul Mackay (Husband) appeals from the December 16, 2013 order resolving numerous issues related to the equitable distribution of his and Karen Mackay's (Wife) marital assets and the payment of alimony and counsel fees.  Following our review, we affirm.

The trial court set forth background information and the procedural history of this matter in its opinion filed pursuant to Pa.R.A.P. 1925(a), stating:

> [Husband] and [Wife] were married on October 3, 1997. They are the parents of one (1) child [Child], … who is ten (10) years old and resides primarily with Wife.  Husband has little to no involvement in his son's day to day life, but for the occasional Friday afterschool until Saturday evening, or no more than 12 to 15 overnights per year.  [Child] has been diagnosed with autism, pervasive development disorder, ADHD, Obsessive Compulsive Disorder and an eating disorder which requires him to be on a special gluten-free diet.  He has wraparound services, speech

and occupational therapy and is followed by a developmental pediatrician who works with him at home and school.

[Child] attends public school at Myrtle Avenue Elementary School in Castle Shannon, which is in the Keystone Oaks School District. Joseph Arcuri has been the principal at Myrtle since [Child] started attending the school. [Child] is one of the school's leaning support students, which means he receives special services and a modified curriculum for some subjects, in addition to participating in general classroom studies. Principal Arcuri testified that [Child] has had violent outbursts at school in the past, but has been an excellent student this year.

Wife and Husband have both completed their high school education. As of the date of the proceedings in this case, Husband was 44 years old and Wife was 50 years old. Maternal Grandmother … testified that at the age of 75 years old she cannot be a primary or even secondary caregiver for [Child], but rather is occasionally available for emergency care.

Husband was not faithful during the marriage and ultimately left Wife for his current fiancé. Wife testified that she was devastated and was left to pick up the pieces of raising a mentally challenged son alone. At the beginning of this litigation, Wife qualified and received emergency food stamps, in part due to Husband's failure to provide enough support for Wife and his son.

The parties agreed prior to trial to use December 8, 2009 as the separation date, which was the date when Husband filed a Divorce Complaint. Husband's Divorce Complaint requested a divorce and equitable distribution of marital property. Wife filed a Petition Raising Claims seeking divorce and raising financial claims including alimony pendente lite, spousal support, alimony, equitable distribution and counsel fees.

A two-day trial was held before the undersigned on October 23, 2013 and November 8, 2013. Following the first day of trial, this Court bifurcated the divorce from the economic issues at Husband's request to allow for his planned marriage in Sydney, Australia on New Years' Eve 2013. A Divorce Decree was issued on November 8, 2013 by which Husband and Wife were divorced from the bonds of matrimony.

> This Court filed a Memorandum Opinion and Order of Court on December 16, 2013[,] resolving the remaining economic claims raised by the parties. Husband has appealed that decision. Husband filed a timely Concise Statement of Matters Complained of on Appeal listing fifteen bases for his appeal, many of which take issue with this Court's factual findings and credibility determinations. The contemporaneous Memorandum Opinion we filed set forth our reasoning in detail. This Opinion for the most part restates our Memorandum Opinion.

Trial Court Opinion (T.C.O.), 4/3/14, at 2-4.

The court then discussed the parties' incomes. It explained that five months after Child was born, Wife resigned her position with US Airways as a flight attendant, and has worked at various part time positions since that time. The court noted the necessity for Wife to participate in Child's care, particularly citing Child's after-school therapy, which Wife claims makes it impractical "for her to work a second job in the evenings." *Id.* at 4. Thus, the court concluded "that Wife's present earnings are realistic at $7,000 per year with a net monthly income of $533 per month." *Id.* The court also noted that it gave no weight to the testimony of the vocational expert hired by Husband, because the expert had not met or interviewed Wife or reviewed any of her records.

In regard to Husband's income and expenses, the court "observed that Husband is a savvy businessman." *Id.* at 5. Husband operates an Australian barbecue business, selling prepared foods at barbecue events that are held all over the country from the spring through the fall. The court discussed evidence presented about Husband's income, "including Husband's 2009 Partnership Return and his 2009 Profit and Loss statement," which

showed "Husband's total income reported was $403,545 and his total cost of goods sold [was] $97,581[.]" *Id.* at 6. However, the court found Husband's testimony about his income was not credible and, therefore, "declined to arbitrarily assign an earning capacity to Husband or to guess as to his actual income." *Id.*

Concerning the alimony and child support awarded, the court explained its award as follows:

> Given: the length of the marriage, minimal marital estate, Husband's infidelity, Husband's younger age as compared to Wife, Husband's earnings, Wife's status as a full-time caregiver and stay-at-home mother to the parties' special needs son, leaving her with little opportunity or ability to seek anything other than part-time employment, the contribution of Wife as home-maker to allow the increased earning potential of Husband's businesses, this Court determined that an award of alimony was both reasonable and appropriate. Wife submitted an inflated budget to the Court; however, even with the inflated items removed there was a shortfall between Wife's revised budget and her income.
>
> On March 8, 2011, Wife filed her claim for child support and [alimony pendent lite] APL. A hearing was held on May 16, 2011 which awarded Wife with $1,703 per month and allocated the award: $835.00 in child support and $868.00 in APL. Considering the uncertainty regarding the parties' incomes, we decided to award alimony and child support consistent with the then-current APL/child support award. The equitable distribution award herein (which is skewed towards Wife) should account for any additional shortfall between Wife's budget and her income. As such, this Court awards Wife alimony in the amount of $868.00 per month for eight (8) years, or until [Child's] graduation from high school, whichever is sooner. Commencing with the entry of the final Decree in Divorce, the APL award shall terminate and Husband shall continue to pay child support in the amount of $835.00 and shall pay to Wife alimony in the amount of $868.00 per month.

*Id.* at 6-7.

Next, in its opinion, the court set forth the marital assets contained in the marital estate and awarded Wife 58% of the total of $394,912, with Husband's award set at 42%. Lastly, the court reviewed Wife's request for counsel fees, explaining the reasons for its award of $20,000, as follows:

> This Court reviewed the Counsel Fees submitted by Wife's Counsel. As Husband's income was a major issue in the case, discovery was required to determine this important aspect of the case: Wife served discovery on May 10, 2010 and received no response. On August 18, 2010, Wife's Motion to Compel was granted along with $500.00 in counsel fees. On September 16, 2010, as Husband again failed to serve full and complete responses, Wife was awarded $750.00 toward Wife's Motion for Contempt of Discovery. On July 6, 2011, Wife was granted counsel fees in the amount of $500.00 pursuant to a Motion for Injunctive Relief as Husband continued to liquidate martial funds post-separation for his own use. On September 14, 2011, Wife was granted $1,000 in counsel fees as Husband's counsel failed to appear for his Motion to Continue the Support Exceptions. Finally, Wife served discovery on February 12, 2013, and on March 15, 2013, Husband served inadequate discovery responses, necessitating an emergency Motion to Continue the trial.
>
> Further, at the beginning of the support case, Husband filed exceptions to all aspects of the PACSES Order requiring Wife to spend substantial fees on writing a brief in opposition and orally opposing the same. On December 28, 2011, the undersigned dismissed Husband's exceptions in their entirety.
>
> Wife claims to have incurred counsel fees in excess of $30,000 in this case, most of which was outstanding at the time of trial. This Court concluded $20,000 was a reasonable counsel fee award for litigation that began in 2009. As Husband credibly testified that he has access to a open PNC Line of Credit which has been substantially paid in full and is presently seeking to obtain a Line of Credit for yet another business venture[,] FitFul, it was clear that Husband has the means to pay this counsel fee award.

*Id.* at 8-9.

In his appeal to this Court, Husband raises the following four issues for our review:

> 1. Whether the trial court abused its discretion by a misapplication of the law in its determination of marital assets and in the overall scheme of equitable distribution?
>
> 2. Whether the trial court abused its discretion by a misapplication of the law in awarding alimony for eight years in addition to the four years already paid, based upon the health of the parties' son?
>
> 3. Whether the trial court abused its discretion by a misapplication of the law in awarding counsel fees to Wife in addition to adequate liquid assets in equitable distribution?
>
> 4. Whether the trial court abused its discretion in awarding counsel fees of $1000 in response to counsel's request for continuance of a support exception argument where the underlying support obligation was being paid in full pending argument?

Husband's brief at 6-7.

Generally, in addressing the first issue raised in this appeal, we are guided by the following:

> "Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." **Harasym v. Harasym**, 418 Pa. Super. 486, 614 A.2d 742, 746 (Pa. Super. 1992). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence." **Zollars v. Zollars**, 397 Pa. Super. 204, 579 A.2d 1328, 1330 (Pa. Super. 1990), *appeal denied*, 527 Pa. 603, 589 A.2d 693 (1991).
>
> Pursuant to 23 Pa.C.S.A. § 3502(a), when fashioning equitable distribution awards, the trial court must consider: the

length of the marriage; any prior marriages; age, health, skills, and employability of the parties; sources of income and needs of the parties; contributions of one party to the increased earning power of the other party; opportunity of each party for future acquisitions of assets or income; contribution or dissipation of each party to the acquisition, depreciation or appreciation [of] marital property[;] value of each party's separate property[;] standard of living established during the marriage; economic circumstances of each party and whether the party will be serving as custodian of any dependent children. 23 Pa. C.S.A. § 3502(a)(1-11). The weight to be given to these statutory factors depends on the facts of each case and is within the court's discretion. **Gaydos v. Gaydos**, 693 A.2d 1368, 1376 (Pa. Super. 1997) (*en banc*).

**Mercatell v. Mercatell**, 854 A.2d 609, 611 (Pa. Super. 2004). "Furthermore, the trial court has 'the authority to divide the award as the equities presented in the particular case may require.'" **Id.** We also recognize that when reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of the property rights." **Hayward v. Hayward**, 868 A.2d 554, 559 (Pa. Super. 2005). Moreover, "[t]he law is … well settled that the trial court can accept all, some or none of the submitted testimony in determining the value of marital property." **Isralsky v. Isralsky**, 824 A.2d 1178, 1185 (Pa. Super. 2003).

In support of his argument that the court erred in its assessment of the parties' marital estate, Husband indicates that the total marital estate minus liabilities equals $264,945.74, rather than the $394,912.00 determined by the trial court. Essentially, Husband claims the court erred

by failing to base its decision on the evidence presented, *i.e.*, that it "ignored the Asset & Liability Statements and Pre-Trial Statement of the parties … in setting forth the marital property that they owned." Husband's brief at 22. Husband further identifies specific assets, claiming these assets were held pre-separation but did not exist at the time of separation. Husband also identifies assets, which he asserts belong to one of his numerous business entities. He claims these assets' values were considered without deducting for the business' debts.

We conclude that Husband's allegations of error are without merit. Our review of the record reveals that the court's findings are supported by the evidence of record. At the same time, Husband's allegations in many instances are not supported by the record. Moreover, we note that the court found that Husband was not credible. Since we are not in a position to re-weigh the facts presented or to override the court's credibility determinations, we conclude that the trial court's conclusions regarding the parties' marital assets should not be disturbed. The court did not abuse its discretion in assigning values to various assets and in dividing the assets in an equitable manner as dictated by the circumstances.

We next turn to Husband's allegations of error relating to the award to Wife of alimony for an eight-year period. Husband sets forth a review of what he deems to be the parties' earnings and earning capacities. Specifically, he argues that the court's support award "was based upon

erroneous earnings for Husband and fails to consider a reasonable earning capacity for Wife." Husband's brief at 31. Moreover, Husband contends that despite Child's learning disabilities, Wife "is able to work if she chose to do so." *Id.* at 33. Husband also claims that the court relied on Husband's alleged infidelity as a factor in awarding alimony; however, he asserts that testimony indicated that he had not engaged in sexual relations with his fiancée until after he and Wife were separated.

We conduct our review of this issue according to the following standard:

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

*Smith v. Smith*, 904 A.2d 15, 20 (Pa. Super. 2006). Likewise:

> The purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. In determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed for at 23 Pa.C.S.A. § 3701. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay.

*Isralsky*, [824 A.2d at 1188].

*Dalrymple v. Kilishek*, 920 A.2d 1275, 1278-79 (Pa. Super. 2007).

Also, as noted above, the court must consider the relevant statutory factors listed at 23 Pa.C.S. § 3701.  Those factors include:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage.  The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony except that the court shall consider the abuse of one party by the other party.  As

used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S. § 3701(b).

Following our review, we conclude that the trial court adequately examined the specific facts of this case and properly analyzed the appropriate statutory factors in determining Wife's reasonable needs and Husband's ability to pay. Husband has not convinced this Court that the findings and conclusion reached by the trial court are in error. The record supports the findings and, therefore, we conclude that the court did not abuse its discretion in its award of alimony to Wife.

Husband's third issue concerns the court's award of $20,000 in attorney's fees to Wife. Husband acknowledges that Wife claimed that she incurred over $30,000 in legal fees, but he asserts that the fees are excessive, unreasonable, and resulted from Wife's repeated assertions that Husband manipulated his income and/or concealed his interest in various businesses. Husband further claims that because he would need to borrow the money to pay this award, he does not have the ability to pay.

We review an award of attorney's fees pursuant to the following principles:

> We will reverse a determination of counsel fees and costs only for an abuse of discretion. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be "on par" with one another.
>
> Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution.

> **Teodorski v. Teodorski**, 857 A.2d 194, 201 (Pa. Super. 2004), quoting **Anzalone** [**v. Anzalone**, 835 A.2d 773,] 785-786 [(Pa. Super. 2003)]. "Counsel fees are awarded only upon a showing of need." **Teodorski** at 201, *quoting* **Harasym v. Harasym**, 418 Pa. Super. 486, 614 A.2d 742, 747 (Pa. Super. 1992). "In most cases, each party's financial considerations will ultimately dictate whether an award of counsel fees is appropriate." **Plitka v. Plitka**, 714 A.2d 1067, 1070 (Pa. Super. 1998). Also pertinent to our review is that, "in determining whether the court has abused its discretion, we do not usurp the court's duty as fact finder." **Teodorski** at 201, *quoting* **Verdile v. Verdile**, 370 Pa. Super. 475, 536 A.2d 1364, 1369 (Pa. Super. 1988).

**Busse v. Busse**, 921 A.2d 1248, 1258 (Pa. Super. 2007).

Again, we concur with the decision reached by the trial court on the attorney's fees issue. The court certainly was aware of the respective financial positions of the parties and arrived at a reasonable solution based upon the record before it. The record simply does not support Husband's

allegations that Wife failed to submit evidence supporting her counsel fee claim. Thus, we conclude that Husband's third issue is without merit.

Husband's final issue deals with the $1,000 in attorney's fees awarded to Wife in response to "Husband's counsel's failure to appear for his Motion to Continue the Support Exceptions." T.C.O. at 9. The trial court listed this specific award in its opinion along with a discussion about the award of various other attorney's fees imposed on Husband. Notably, the trial count did not provide any further discussion or reasoning related to this specific amount due Wife's counsel because Husband had not raised this issue with any particularity in his Pa.R.A.P. 1925(b) statement. Rather, in response to the general attorney's fees issue raised by Husband, the court provided its reasoning for its award, which we have concluded was not an abuse of discretion. Having failed to identify the $1,000 award in his Rule 1925(b), Husband cannot expect the trial court or this Court to address it; we conclude this issue is waived. **See** Pa.R.A.P. 1925(4)(ii) (stating "the Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"); Pa.R.A.P. 1925(4)(vii) (stating "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/24/2015