J-S07017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PENNY L. FRANKLIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS J. FRANKLIN | |
| Appellant | No. 736 MDA 2015 |

Appeal from the Order Entered March 31, 2015
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2008-1154-CP

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED MARCH 04, 2016**

Dennis J. Franklin (Husband) brings this appeal from the order entered on March 31, 2015, in the Court of Common Pleas of Susquehanna County, and made final by the divorce decree entered July 23, 2015.  The March 31, 2015 order disposed of Husband's exceptions to the amended Master's Report and Recommendations, dated December 9, 2014, and directed the Recommendations to be made an order of court.  In this appeal, Husband presents three issues: (1) "[D]id [the Master's Report, issued on September 12, 2013,] become a final order which was binding on the court at the time of its March 31, 2015 decision", (2) "When the court directed the Master to determine the amount of spousal maintenance, did the Master make that

_____

[*] Former Justice specially assigned to the Superior Court.

determination based on appropriate standards," and (3) "In establishing the amount of maintenance, should the Master have utilized a division of the royalty payments as his basis for awarding a payment in lieu of maintenance?" Husband's Brief at 4. Based upon the following, we affirm on the basis of the trial court's opinion.

As we write primarily for the parties who are well acquainted with the factual and procedural history, we need not discuss the background of the case here. We proceed directly to Wife's argument that this Court should quash Husband's appeal. On August 17, 2015, Wife filed an application to quash Husband's appeal. This Court, on October 7, 2015, denied the application without prejudice to raise the issue to the merits panel. In her brief, Wife has renewed her request that we quash this appeal.

When deficiencies in a brief hinder this Court's ability to conduct meaningful appellate review, this Court may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101; *Irwin Union Nat. Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1103 (Pa. Super. 2010). Where breaches of the rules of appellate procedure do not prevent meaningful review, the merits of the appeal may be addressed. *See Savoy v. Savoy*, 641 A.2d 596, 598 (Pa. Super. 1994).

Wife claims that Husband's counseled brief and reproduced record are defective for failure to comply with the Pennsylvania Rules of Appellate Procedure. Wife notes, first, that the brief fails to include the statement of scope and standard of review, a Rule 1925(b) averment, the trial court's

answers to the questions involved, Pa.R.A.P. 2116, and a copy of the trial court's opinion. *See* Pa.R.A.P. 2111(a)(3), 2111(d), 2116, and 2111(b), respectively. Second, Wife states Husband's statement of the case is incomplete as Husband fails to provide references to the record, and therefore fails to comply with Pa.R.C.P. 2117(c). Third, Wife states Husband's argument sections are not properly divided as required by Pa.R.A.P. 2119, and that the argument does not set forth the place in the record where the issue was raised or preserved, as required by Pa.R.A.P. 2119(e). Fourth, Wife faults Husband's failure to cite to legal authority in both his statement of jurisdiction and his argument, as mandated by Pa.R.A.P. 2111(a)(1), 2114, and 2119(b). Finally, Wife complains not only are the contents of the reproduced record not designated, but the reproduced record is also wholly inadequate. Wife states Husband has produced no transcripts and only four exhibits, and failed to provide a copy of his own exceptions that led to the appeal, or the trial court's opinion regarding his exceptions. In this regard, Wife cites Pa.R.A.P. 2154.

Our review confirms Wife's position that Husband's brief is fraught with violations of the Pennsylvania Rules of Appellate Procedure. However, while this Court is greatly displeased with the brief submitted by counsel, we will not dismiss this appeal. *See Long v. Ostroff*, 854 A.2d 524, 527 (Pa. Super. 2004) (merits of appeal considered despite party violating rules of appellate procedure where violations did not impede review). Rather, we have reviewed the record, the arguments presented by Husband, and the

relevant statutes, rules and case law, and conclude Husband's claims are meritless.[1]

Contrary to Husband's position, it is clear that the Court's March 31, 2015 order is the final, appealable order in this case,[2] and we affirm on the basis of the trial court's March 31, 2015 opinion, filed in support of its order denying Husband's exceptions and making the amended Master's report and recommendations of December 9, 2014 an order of court.[3]

_____

[1] "Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." **Balicki v. Balicki**, 4 A.3d 654, 662–663 (Pa. Super. 2010) (internal citations and quotations omitted). Additionally, "[f]ollowing divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution." **Id.** at 659.

[2] **See Wilson v. Wilson**, 828 A.2d 376, 378 (Pa. Super. 2003) ("It is well settled that a pre-divorce decree distributing marital property is an interlocutory order."); **Verdile v. Verdile**, 536 A.2d 1364, 1366 (Pa. Super. 1988) ("[equitable] distribution order is reviewable once rendered final by entry of a divorce decree").

[3] In the event of future proceedings, the parties are directed to attach a copy of the trial court's March 31, 2015 opinion, to this memorandum.

Order affirmed.  Application to quash appeal denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2016

PENNY FRANKLIN : IN THE COURT OF COMMON PLEAS
        Plaintiff, : OF SUSQUEHANNA COUNTY,
         : COMMONWEALTH OF PENNSYLVANIA

v. :

         : CIVIL ACTION

DENNIS FRANKLIN :
        Defendant. : NO.: 2008 – 1154 C.P.

## ORDER

NOW, this 31st day of March, 2015, for the reasons articulated in our accompanying Opinion, we dispose of the Petition before the Court, generally regarded as exceptions to the masters' report and recommendations, and order that the recommendations of the master attached hereto are made an Order of the Court.

For the sake of clarity, we note that thirty-five percent (35%) of the oil and gas royalties paid by Cabot Oil and Gas Corporation and/or its assignees, if any, in the past and in the future as to the one-third interest of Dennis Franklin as to the Brooklyn Road property shall be paid now and in the future to Penny Franklin, her heirs and assigns. The balance of sixty-five percent (65%) of the one-third interest of Dennis Franklin of oil and gas royalties as to the Brooklyn Road property shall be paid to Dennis Franklin, his heirs and assigns.

The $7,500.00 payment given over to Penny Franklin by Western Land Services shall be distributed wholly to her. Likewise, the $7,500.00 payment made to Dennis Franklin by Western Land Services shall be distributed wholly to him.

BY THE COURT,

_____
KENNETH W. SEAMANS, S.J.

372a

PENNY FRANKLIN
           Plaintiff,

v.

DENNIS FRANKLIN
           Defendant.

: IN THE COURT OF COMMON PLEAS
: OF SUSQUEHANNA COUNTY,
: COMMONWEALTH OF PENNSYLVANIA
:
: CIVIL ACTION
:
: NO.: 2008 – 1154 C.P.

## OPINION

We have been asked by submitted petitions, generally in the form of exceptions, to determine whether or not a master in divorce, appointed by the Court, committed an abuse of discretion in his determinations and resulting recommendations with respect to equitable distribution, alimony, costs, and attorney's fees in the captioned matter. For the reasons discussed below, we find the master did not commit an abuse of his discretion in either his feelings and/or recommendations.

Generally, the master found the parties to be of similar ages, within six (6) years of each other, that both worked to support the household on and off the farm and that husband had a better chance of producing income post-divorce.

The master correctly found according to prevailing law that the gas rights and royalties of the two real properties involved had become personal property, the parties both having executed an oil and gas lease concerning the subterranean areas of both the Catlin Road marital real estate and the Brooklyn Road non-marital real estate acquired as to a one-third interest of Dennis Franklin, husband. The record indicates that the parties together executed an oil and gas lease concerning their interest and husband's interest in the oil and gas rights to an exploration and developing company in 2007, one year before their separation in 2008. As such, all the oil and gas rights leased by the parties became personal property, severed from the real properties at both Catlin Road and Brooklyn Road.

373a

1

Moreover, in that among other items recommended to be distributed to wife was an assignment to Plaintiff Wife, her heirs and assigns of thirty-five percent (35%) of the oil and gas royalties of Defendant Husband's one-third ownership interest in the real property known as the Brooklyn Road property, no alimony was awarded to Wife.

That assignment was not alimony, but was a distribution of personal property which because of the parties' execution of the oil and gas lease covering both the oil and gas interests in 2007 during their marriage and thus before their separation in 2008, it became their marital personal property.

The master appropriately reasoned that with the proposed equitable distribution of real and personal marital property, the division was appropriate to the parties' financial circumstances post-separation and no support/alimony/maintenance was warranted.

We are also satisfied that the $7,500.00 payment to Plaintiff Wife by Western Land Services was gratuitous and did not in any way diminish that right of payment or actual payment to Defendant Husband in relation to a pipeline right of way over the Brooklyn Road real property.

374a

2