567 A.2d 717

**Frank SYNO**

v.

**Marie D. SYNO, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 24, 1989.

Filed Dec. 19, 1989.

Kimberly D. Borland, Wilkes–Barre, for appellant.

Ronald P. Sweeda, Wilkes–Barre, for appellee.

Before CIRILLO, President Judge, and KELLY and CERCONE, JJ.

CIRILLO, President Judge.

This is an appeal from an order entered in the Court of Common Pleas of Luzerne County. Frank Syno, appellee, filed a divorce action against his wife, appellant Marie Syno. In her answer and new matter, Marie Syno asserted that her husband had been adjudicated incompetent five months before he instituted the divorce action and was, therefore, incapable of bringing the action. In his reply to new matter, Frank Syno denied the adjudication of incompetency, and further averred that he was competent and capable of bringing the divorce action.[1] A master was appointed and a hearing was held. Despite Marie Syno's continuing objection to Frank Syno's competency, the master allowed the husband to testify. Thereafter, Marie Syno filed a petition to stay the proceedings pending her application for the appointment of a guardian or guardian ad litem. This application was denied on February 6, 1987. The wife's application to the court to compel Frank Syno to undergo a psychiatric examination was also denied. On February 11, 1987, five days after the wife's motion for appointment of a guardian was denied, the wife petitioned for alimony, equitable distribution, counsel fees, and costs.

A second hearing before the master was held on October 27, 1987. On December 10, 1987, Frank Syno filed a petition for bifurcation[2] before Judge Brominski. Judge

1. The parties do not dispute that the Honorable Chester Muroski of Luzerne County determined that Frank Syno was incapable of managing his property and therefore appointed The First Bank of Greater Pittston as guardian of his estate; the court did not appoint a guardian for the person of Frank Syno.

2. Bifurcation is the process of separating the trial of the issue of marital status from ancillary issues, such as equitable distribution, alimony, etc. *See* 23 P.S. § 401(b.1).

Brominski determined that bifurcation could not be ordered until a report and recommendation had been issued from the master. Three months later, on March 17, 1988, the master filed a report and recommended a decree in divorce be granted. Marie Syno filed exceptions to the report and recommendation. Following briefing and oral argument, Judge Capellini dismissed the exceptions; the court refrained from entering an order concerning the divorce pending the ruling on the bifurcation petition. Judge Capellini's order reads:

> NOW, this 22[nd] day of November, 1988, ... it is hereby ORDERED, ADJUDGED and DECREED that the Defendant's Exceptions to the Report and Recommendation of the Special Master are DENIED and DISMISSED.

Appellant appeals from this order.

An order dismissing exceptions to a master's report and recommendation is not a final order. Therefore, we quash this appeal. *See Reed v. Reed*, 354 Pa.Super. 284, 289, 511 A.2d 874, 877 (1986) ("An order dismissing exceptions to a Master's Report but not entering a final decree of equitable distribution is not a final order"); *Hammond v. Hammond*, 301 Pa.Super. 439, 447 A.2d 1047 (1982) (where no divorce decree has been entered, an appeal from an order dismissing exceptions to master's report was quashed as interlocutory). *See also* Pa.R.A.P. 341. In his opinion accompanying the order, Judge Capellini states that the order simply denies Marie Syno's exceptions; "the property issues [remain] outstanding pending Judge Brominski's ruling on [Frank Syno's] Petition for Bifurcation."

Despite our decision to quash this appeal, we point out the following procedural irregularity. It is not clear to this court why the bifurcation petition remained outstanding as of November 22, 1988, the date Judge Capellini denied the exceptions to the master's report. Judge Brominski held the bifurcation petition in abeyance *pending a report and recommendation by the master.* The master's report was filed on March 17, 1988.

Section 401(b.1) of the Divorce Code provides:

> In the event that the court is unable for any reason to determine and dispose of the matters provided for in subsection (b) [pertaining to property rights, alimony, and related matters] *within thirty (30) days after the master's report has been filed, it may enter a decree of divorce* or annulment. . . .

23 P.S. § 401(b.1) (emphasis added). The eight month period between the date the master's report was filed and the date the exceptions were denied was more than sufficient time to dispose of a bifurcation petition. More importantly, we see no reason to hold up entry of the divorce decree in this situation, especially where the court is specifically authorized to enter a divorce decree within thirty days of the date the master's report is filed if disposition of related claims is held up *"for any reason."* 23 P.S. § 401(b.1) (emphasis added).

A court may not enter a final order disposing of economic or property claims prior to the entry of a divorce decree because the settlement of these claims "is merely a part of the trial court's broader power to terminate the marriage. Equitable distribution is an incident of divorce, not marriage." *Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986). A decree of divorce is a prerequisite to obtaining other relief allowed by the Divorce Code. *Verdile v. Verdile,* 370 Pa.Super. 475, 536 A.2d 1364 (1988); *Hutnik v. Hutnik,* 369 Pa.Super. 263, 535 A.2d 151 (1987). *See also Fried v. Fried,* 509 Pa. 89, 96, 501 A.2d 211, 215 (1985) (appeal from award of interim counsel fees and costs held interlocutory; the grant or denial of interim relief does not result in "irreparable loss," and allowing appeals therefrom would result in "piecemeal determinations and the consequent protraction of litigation"). However, the converse is not necessarily true. *See* 23 P.S. § 401(b.1); Pa.R.C.P. 1920.52(c). A court *may* enter a final decree in divorce and dispose of ancillary matters at a later date. The legislature's clear intent is to permit the entry of a divorce decree while collateral matters remain pending, thus allowing "the parties to quickly begin the task of restructuring their

lives[,] ... so that the marriage and each party's personal life are not held hostage to economic demands." *Wolk v. Wolk*, 318 Pa.Super. 311, 315–16, 464 A.2d 1359, 1360–61 (1983); *see also* 23 P.S. § 102(a)(1), (3) and (4). The unexplained delay in this case serves only to thwart the purpose of the Divorce Code.

Appeal quashed.