Cynthia L. COSTLOW, Appellee

v.

Richard J. COSTLOW, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 3, 2006.

Filed Dec. 11, 2006.

William L. Stephens Jr., Johnstown, for appellant.

Jennifer Richards, Johnstown, for appellee.

BEFORE: HUDOCK, ORIE MELVIN and BENDER, JJ.

OPINION BY BENDER, J.:

¶ 1 Richard J. Costlow (Husband) appeals from the order entered March 31, 2006, that denied the exceptions he filed to an order entered December 28, 2005, that required Husband to pay the accumulated alimony *pendente lite* (APL) arrearages totaling $9,065.88 to Cynthia L. Costlow (Wife). Husband challenges Wife's entitlement to APL in light of the fact that an annulment was granted rather than a divorce. We quash this appeal as untimely filed.

¶ 2 The parties were married on June 14, 2002, and separated 18 months later. Husband filed a divorce complaint on January 7, 2004, which was later amended to include grounds for annulment. Wife filed an answer, including a claim for APL. A hearing was held on the APL claim and resulted in an order, dated May 29, 2004, requiring Husband to pay APL to Wife in the amount of $639.40 per month. Husband filed exceptions, which were denied.

¶ 3 Then on October 5, 2004, a hearing on the annulment claim took place before a master, who recommended that an annulment be granted. Wife filed exceptions and after numerous other filings, Wife's exceptions were finally denied on February 9, 2005. Wife appealed to this Court from this order; however, on November 4, 2005, we quashed the appeal since no final decree had been entered, *i.e.*, the order in a divorce proceeding dismissing exceptions to a master's report is not a final, appealable order. *See Costlow v. Costlow*, 890 A.2d 1109 (Pa.Super.2005) (unpublished memorandum).[1]

¶ 4 Meanwhile, Husband had filed a petition for special relief seeking the termination of APL. Following a hearing, an order was entered on August 18, 2005, that terminated APL as of June 30, 2005. Subsequently, on December 12, 2005, a hearing was held in regard to the APL arrearages, which were determined to total $9,065.88, an amount that accumulated up to the June 30, 2005 termination date since Husband had made no payments. The hearing officer recommended that the full arrearage amount was due and should be paid at the rate of $615 per month. By order dated December 28, 2005, the trial court adopted the hearing officer's recommendation and Husband filed exceptions. Notably, prior to ruling on Husband's exceptions, the court on March 17, 2006, granted the annulment, a decree to which no exceptions were filed. Then on March 29, 2006, the court denied Husband's exceptions that had been filed in regard to the APL enforcement order, dated December 28, 2005.

¶ 5 On May 1, 2006, Husband appealed to this Court from the March 29, 2006 order that denied his exceptions to the APL enforcement order. In his Concise Statement of Matters Complained of on Appeal, filed pursuant to Pa.R.A.P.1925(b), Husband set forth the following three claims, which all are directed at Wife's entitlement to APL:

1. [Husband] avers that the Court erred in determining that [Wife] is entitled to receive $9,065.88 in APL payments.

2. [Husband] avers that the Court erred in determining that [Wife] is now or ever was entitled to receive alimony pendente lite payments.

3. [Husband] avers that the Court erred in determining that [Wife] is entitled to receive alimony pendente lite or ever was entitled to receive alimony pendente lite as an annulment has been granted which legally voids any marital status between the parties.

Rule 1925(b) Statement. In its opinion, the trial court responded to Husband's issues and in particular cited 23 Pa.C.S. § 3103, which defines APL as "an order of

---

1. Our 2005 memorandum decision in *Costlow* cited *Syno v. Syno*, 389 Pa.Super. 505, 567 A.2d 717 (1989), a case relied upon by the trial court in its Rule 1925(a) opinion. We quote the following from the *Syno* decision, finding it relevant as background to our determination here:

   A court may not enter a final order disposing of economic or property claims prior to the entry of a divorce decree because the settlement of these claims "is merely a part of the trial court's broader power to terminate the marriage. Equitable distribution is an incident of divorce, not marriage." *Campbell v. Campbell*, 357 Pa.Super. 483, 516 A.2d 363 (1986). A decree in divorce is a prerequisite to obtaining other relief allowed by the Divorce Code. *Verdile v. Verdile*, 370 Pa.Super. 475, 536 A.2d 1364 (1988); *Hutnik v. Hutnik*, 369 Pa.Super. 263, 535 A.2d 151 (1987). *See also Fried v. Fried*, 509 Pa. 89, 96, 501 A.2d 211, 215 (1985) (appeal from award of interim counsel fees and costs held interlocutory; the grant or denial of interim relief does not result in "irreparable loss," and allowing appeals therefrom would result in "piecemeal determinations and the consequent protraction of litigation"). However, the converse is not necessarily true.... Pa. R.C.P.1920.52(c). A court may enter a final decree in divorce and dispose of ancillary matters at a later date. The legislature's clear intent is to permit the entry of a divorce decree while collateral matters remain pending, thus allowing "the parties to quickly begin the task of restructuring their lives[,] ... so that the marriage and each party's personal life are not held hostage to economic demands." *Wolk v. Wolk*, 318 Pa.Super. 311, 315–16, 464 A.2d 1359, 1360–61 (1983);....

   *Syno*, 567 A.2d at 719.

temporary support granted to a spouse during the pendency of a divorce or *annulment* proceeding." *See* Trial Court Opinion, 5/25/06, at 3.

¶ 6 Before we may address Husband's issues, this Court must first respond to Wife's motion to quash in which she avers that Husband's appeal is untimely. Wife references Pa.R.A.P. 903(a) which provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." In conjunction with Rule 903(a), Wife asserts that an APL order becomes final on the day that the divorce or annulment is granted. Therefore, Wife argues that Husband's appeal to be timely had to be filed within thirty days of March 17, 2006, the date the annulment was granted as opposed to March 31, 2006, the date the court denied Husband's exceptions.

¶ 7 We agree with Wife's argument in light of the issues Husband has raised here. At the time the APL was granted to Wife, Husband could not have appealed and, similarly, when the APL was terminated, Wife could not have appealed. Both of these orders were interlocutory as no final decree had been issued by the court. *See Hoffman v. Hoffman,* 762 A.2d 766, 769 (Pa.Super.2000) (stating that "matters pertaining to spousal support are interlocutory and unappealable prior to the entry of a divorce decree"). However, at the point in time when the annulment was granted, any issues involving the types of prior, interlocutory orders present here became ripe for review. *See Shellhamer v. Shellhamer,* 455 Pa.Super. 526, 688 A.2d 1219 (1997) (stating that because the denial of a request for APL did not dispose of all claims in that the parties' divorce was still pending, the order was not a final, appealable order and required the quashal of the appeal). Accordingly, we conclude in the matter before us that when the annulment

was granted all issues involving Wife's entitlement to APL were ripe for review. Thus, Husband's appeal should have been filed within the thirty day period beginning March 17, 2006, the date the annulment decree was entered. *See* Pa.R.A.P. 903(a). Since the appeal was not filed until May 1, 2006, we are compelled to conclude it is untimely and must be quashed.

¶ 8 As for the order dated March 31, 2006, denying Husband's exceptions to the enforcement order, we first note that Husband's issues do not relate in any way to this order. Moreover, we recognize that the enforcement action could have occurred at any time, before or even after the annulment had been granted in the same way that any enforcement action can be brought to compel the payment of monies due. Therefore, having concluded that the proper order from which Husband should have appealed is the annulment decree dated March 17, 2006, we must quash Husband's appeal as untimely. Consequently, we are unable to reach the merits of the issues raised.

¶ 9 Appeal quashed.