J-A29026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GARY L. REINERT, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARY T. REINERT, | |
| Appellant | No. 356 WDA 2014 |

Appeal from the Order entered January 28, 2014,
in the Court of Common Pleas of Allegheny County,
Family Division, at No(s): FD-13-006462-009

BEFORE:  DONOHUE, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 2, 2014**

Appellant, Mary T. Reinert ("Wife"), has appealed from the trial court's January 28, 2014 order authorizing appellee, Gary L. Reinert ("Husband"), to "act as agent for Wife" in selling the parties' condominium "located at 320 Fort Duquesne Blvd."  It is undisputed that the parties are not divorced, their litigation is ongoing, and the condominium has been sold.

Husband filed for divorce on March 6, 2013.  In the past year and a half, the parties have been embroiled in litigation.  With respect to equitable distribution, the trial court has detailed the litigation, noting the issue of "excessive marital debt", and the fact that on September 17, 2013, the parties entered into a consent order, by which they agreed that "the proceeds from the sale of the condominium shall be held in escrow pending further Order of Court."  *See* Trial Court Opinion, 5/8/14, at 1-5.

*Retired Senior Judge assigned to the Superior Court.

Both the trial court and Husband assert that Wife's appeal is interlocutory and should be quashed. Trial Court Opinion, 5/8/14, at 5-6; Husband's Brief at 1, 11-18. The trial court and Husband also contend that Wife's appeal is moot because the property has been sold. Trial Court Opinion, 5/7/14, at 5; Husband's Brief at 11, 21. Wife concedes that the property has been sold. Wife's Brief at 7, 16.

We agree with the trial court and Husband that we may not address Wife's claim because we lack jurisdiction. "Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)." *Kensey v. Kensey*, 877 A.2d 1284, 1287 (Pa. Super. 2005) (citations omitted). "Unless otherwise permitted by statute or rule, an appeal will lie only from a final order. Pa.R.A.P. 341. A final order has been defined as one which ends the litigation or disposes of the entire case. Pa.R.A.P. 341." *Wilson v. Wilson*, 828 A.2d 376, 378 (Pa. Super. 2003). Generally, a divorce decree "is a prerequisite to obtaining other relief allowed by the Divorce Code." *Costlow v. Costlow*, 914 A.2d 440, 440 n.1 (Pa. Super. 2006) (citations omitted). *See Radakovich v. Radakovich*, 846 A.2d 709, 714 (Pa. Super. 2004) (where a divorce decree has not been entered and ancillary claims remain unresolved, issues such as those seeking special relief are interlocutory and unappealable).

For further reference, we incorporate the trial court's May 7, 2014 opinion, which expands upon the interlocutory nature and mootness of Wife's appeal, and quash Wife's appeal. Husband's counsel, Dennis M. Blackwell, Esquire, has petitioned to withdraw his representation of Husband. Because of our disposition, we deny Attorney Blackwell's petition to withdraw representation as moot.

Appeal quashed. Petition to withdraw denied as moot. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2014