J-A14035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SANDRA KHALIL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARY JANE HOME ENRICHMENT | : | No. 2002 EDA 2023 |
| CENTER INC., MARY JANE | : | |
| CANDIDOS LOUNGE, EDNA | : | |
| WILLIAMS, JOE WILLIAMS AND JOHN | : | |
| WILLIAMS | | |

Appeal from the Order Entered June 2, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 180101881

BEFORE: LAZARUS, P.J., MCLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED SEPTEMBER 9, 2024**

Sandra Khalil ("Khalil") appeals *pro se* from the interlocutory order denying her motion for reconsideration of the order granting her *pro bono* counsel leave to withdraw from representation. For the reasons that follow, we quash the appeal.

Given our disposition, a detailed factual recitation is unnecessary. Briefly, in 2018, Khalil initiated the underlying action by filing a *pro se* complaint in relation to a lease dispute. Thereafter, three attorneys from Dilworth Paxson LLP ("Dilworth") entered their appearances on her behalf to represent her on a *pro bono* basis. One of the Dilworth attorneys later withdrew his appearance, but was replaced by another Dilworth attorney, also on a *pro bono* basis. The action proceeded to arbitration in 2019, resulting in

an arbitration panel award against Khalil. Following the arbitration ruling, the Dilworth attorneys advised Khalil that they would no longer represent her on a *pro bono* basis, and that they would not pursue any appeal on her behalf based on their belief that an appeal of the arbitration award would be futile. Khalil then filed a *pro se* notice of appeal of the arbitration award, pursued the appeal on a *pro se* basis, and filed several successful *pro se* motions.

Meanwhile, the Dilworth attorneys filed a praecipe to withdraw their appearance. The trial court struck the praecipe to withdraw for lack of court permission and lack of a concurrent entry of appearance by replacement counsel. The Dilworth attorneys then filed a motion for leave of court to withdraw their appearance. On April 18, 2023, the trial court conducted a hearing on the motion to withdraw before entering an order granting the motion. Khalil filed a motion for reconsideration of the order. On June 2, 2023, the trial court entered an order denying the motion for reconsideration. On June 9, 2023, Khalil filed a *pro se* notice of appeal, and specified therein that she was appealing from the June 2, 2023 order.

Preliminarily, we must determine whether we have jurisdiction to address the appeal. The Pennsylvania Rules of Appellate Procedure provide that an appeal may be taken from: (1) a final order or an order certified as a final order (**see** Pa.R.A.P. 341); (2) an interlocutory order as of right (**see** Pa.R.A.P. 311); (3) an interlocutory order by permission (**see** Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (**see** Pa.R.A.P. 313(b)).

Additionally, because the timeliness of an appeal implicates our jurisdiction, we may not address the merits of the underlying issue raised by an appellant before determining whether the appeal was timely filed. **See Krankowski v. O'Neil**, 928 A.2d 284, 285 (Pa. Super. 2007). Pertinent to this issue, Pennsylvania Rule of Appellate Procedure 903(a) provides: "[e]xcept as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Pursuant to Pa.R.A.P. 105(b), this Court may not enlarge time for filing a notice of appeal. Accordingly, this Court may quash the appeal if it is untimely filed beyond the thirty-day time limitation proscribed by Rule 903(a). **See Costlow v. Costlow**, 914 A.2d 440, 442 (Pa. Super. 2006) (quashing an appeal filed beyond thirty-day time limitation).

Here, Khalil contends that the trial court's April 18, 2023 order granting the motion to withdraw from representation qualifies as a collateral order pursuant to Rule 313(b). However, she did not file a notice of appeal within thirty days of the entry of that order. Instead, Khalil filed her *pro se* notice of appeal on June 9, 2023, fifty-two days after the entry of the April 18, 2023 order.

Moreover, Khalil specified in her *pro se* notice of appeal that she was appealing from the June 2, 2023 order denying her *pro se* motion for reconsideration. Importantly, an order denying a motion for reconsideration is not appealable. **Cheathem v. Temple Univ. Hosp.**, 743 A.2d 518, 521 (Pa. Super. 1999) (holding that denial of reconsideration is not subject to

appellate review); *see also Erie Ins. Exch. v. Larrimore*, 987 A.2d 732, 743 (Pa. Super. 2009) (reiterating that an appeal lies from the original order, not from denial of reconsideration); *Valentine v. Wroten*, 580 A.2d 757, 758 (Pa. Super. 1990) (holding that, because an order denying reconsideration is not appealable, an appeal from such an order is regarded as "improper and untimely").

Notably, the filing of a motion for reconsideration does not toll the time period for taking an appeal. *See Gardner v. Consol. Rail Corp.*, 100 A.3d 280, 283 (Pa. Super. 2014). Thus, Khalil was required to simultaneously file of a notice of appeal to preserve her appellate rights if the trial court failed to either deny or expressly grant her motion for reconsideration within thirty days. *See Cheathem*, 743 A.2d at 521; *see also* Pa.R.A.P. 1701(b)(3)(i), (ii).

Consequently, because Khalil did not timely appeal from the April 18, 2023 order granting the motion to withdraw from representation, and the June 2, 2023 order denying her motion for reconsideration is non-appealable, this Court is without jurisdiction and we must quash the appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/9/2024