J-S07017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KENNETH M. FOSTER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER M. FRYE | : | No. 996 MDA 2024 |

Appeal from the Order Entered June 12, 2024
In the Court of Common Pleas of Huntingdon County Civil Division at
No(s): CP-31-CV-4012-2024

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JUNE 18, 2025**

Kenneth M. Foster ("Father") appeals from the order denying his exceptions to an interim child support order. Father argues the court erred in failing to apply Rule 1910.16-4(d)(2) when calculating his award of child support. ***See*** Pa.R.Civ.P. 1910.16-4(d)(2). We affirm.

Father and Jennifer M. Frye ("Mother") have three children together: C.F., G.F., and K.F. Father has full custody of C.F. and G.F., and the parties share equal custody of K.F.

Father filed a complaint for child support in January 2024. A hearing officer held a hearing in February 2024 and thereafter submitted a recommended support order. ***See*** Pa.R.Civ.P. 1910.11(d). The hearing officer found Father's monthly net income to be $4,312.46, and Mother's monthly net income to be $2,699.87, for a combined monthly net income of $7,012.33.

Father makes 61.5% of the monthly net income, and Mother makes 38.5%. *See* Trial Court Opinion, filed 10/23/24, at 4-5.

The hearing officer then applied Rule 1910.16-4(d)(1), which states, "When calculating a basic child support obligation and each party owes child support to the other party as a result of the custodial arrangement, the trier-of-fact shall offset the parties' respective basic child support obligations and award the net difference to the obligee as child support." Pa.R.Civ.P. 1910.16-4(d)(1). Using the table set forth in Rule 1910.16-3, the hearing officer first found the basic support obligation for the two children who reside with Father to be $1,841.00. It found that Mother was obligated to pay Father 38.5% of this amount, or $708.79.

Then, for the third child, again using the table in Rule 1910.6-3, the hearing officer determined the basic support obligation for one child to be $1,244.00. The hearing officer reduced Father's 61.5% share of this amount by 20%, to 41.5%, based on his having 50% custody of K.F.,[1] and found Father was obligated to pay Mother $514.52.

The hearing officer offset the amount Mother was obligated to pay Father for his sole custody of C.F. and G.F. ($708.79) with the amount Father

---

[1] Rule 1910.16-4(c)(1)(ii) directs the court to reduce the obligor's percentage of the support obligation according to Rule 1910.16-4(a)(1)(Part D) when a child spends 40% or more overnights with the obligor. Part D reduces the standard percentage of the obligor's obligation by the difference between the percentage of overnights with the obligor and 30%. In this case, because Father has 50% custody of K.F., the court found this results in a 20% reduction in Father's basic child support obligation for K.F. (50% - 30% = 20%).

was obligated to pay Mother for her 50% custody of K.F. ($514.52), and calculated Mother's monthly support obligation to be the remaining $182.09.

The court entered an interim support order on March 26, 2024, based on the hearing officer's findings. **See** Pa.R.Civ.P. 1910.11(f) (providing court shall enter interim order following conference, without hearing parties). It was substantially in the form set forth in Rule 1910.27(e). **See id.** (stating interim support order shall be "calculated in accordance with the guidelines and substantially in the form set forth in Rule 1910.27(e)").

Father filed timely exceptions to the order and demanded a *de novo* hearing. **See id.** (providing parties 20 days after receipt of interim order to file a written demand for a hearing before the court). The court held a *de novo* hearing. **See** Pa.R.Civ.P. 1910.11(i) (providing for *de novo* hearing upon written demand, followed by the entry of a final support order). On June 12, 2024, the court entered an order stating, "AND NOW, June 1[2], 2024, after [a] hearing *de novo* and consideration of the arguments of the parties, [Father's] appeal is dismissed." Order, 6/12/24, at 1 (italics added). The Docket Entry for the order states, "JUDGE SIGNS FINAL ORDER." **See** Docket Entry, 6/12/24.[2]

---

[2] The order is dated June 11. However, it was filed on June 12, and states that Rule 236 notice was provided on that date. **See** Pa.R.A.P. 108(b) (stating the date of entry of a civil order is "the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)"). We have amended the caption to reflect the order was entered on June 12.

Father appealed. He raises one issue: "Whether the trial court erred by failing to apply the Varied Partial Physical Custodial Schedule analysis found in Pa.R.C[iv].P. 1910.16-4(d)(2) when calculating the child support obligation of [Mother]." Father's Br. at 4.

We must first address whether the order under appeal is a final order. *See Capuano v. Capuano*, 823 A.2d 995, 998 (Pa.Super. 2003) (stating the appealability of an order is a jurisdictional issue which we may raise *sua sponte*). A final order is one that disposes of all claims and all parties. *See* Pa.R.A.P. 341(b)(1). However, the Rules of Civil Procedure provide that where the court has entered a support order following a support hearing in front of a hearing officer, and a party demands a hearing *de novo* before the trial court, "The court shall hear the case and enter a final order substantially in the form set forth in Rule 1910.27(e)." Pa.R.Civ.P. 1910.11(i); *see also* Pa.R.Civ.P. 1910.27(e) (showing form for final support order).

Here, the June 12 order is not in the required form. In its Rule 1925(a) opinion, the trial court explains that its practice following a *de novo* hearing on child support has been for the court to first enter its own "final order" adopting, rejecting, or modifying the interim order, and then for the Domestic Relations Section to enter a second "final support order" through the Pennsylvania Automated Child Support Enforcement System (PACSES) in the form set forth in Rule 1910.27(e), based on the court's "final order." Trial Ct. Op. at 2. The court states that, because a "final order" entered in this manner does not comply with the form set forth in Rule 1910.27(e), the court has

- 4 -

since "modified its *de novo* hearing procedure to address the identified defects." ***Id.***[3] The court also states that no "final support order" had been entered in the instant case using PACSES system, prior to Father's appeal to this Court, due to "a breakdown in the judicial process." ***Id.*** at 3. The court states that it nonetheless specifically intended the June 12 order "to be the final order determining the child support to be paid by [Mother] to [Father], pending only memorialization by the Domestic Relations Office using the appropriate form." ***Id.*** It thus requests we review Father's appeal on the merits. ***Id.*** at 1.

We find the court's failure to adhere to Rule 1910.11 in this case, by failing to enter its final order in the form prescribed by Rule 1910.27(e), does not affect the finality or appealability of the June 12 order. The Rules contemplate that the order entered by the court following the hearing *de novo* is a final order. ***See*** Pa.R.Civ.P. 1910.11(i);[4] ***see also*** Pa.R.Civ.P. 1930.2(a) (prohibiting motions for post-trial relief in domestic relations matters). The Rules do not anticipate the entry of any additional order, such as the entry of judgment, or a divorce decree, during the normal course of child support proceedings to finalize those proceedings. ***See, e.g., Syno v. Syno***, 567 A.2d 717, 718 (Pa.Super. 1989) (finding order dismissing exceptions to master's

---

[3] The court also notes its misstatement in the June 12 order in referring to the hearing *de novo* as an "appeal." Trial Ct. Op. at 2. The court explains that it conducted a *de novo* proceeding in accordance with the Rules. ***Id.*** at 2, 3.

[4] In the alternative, if no party files a timely demand for a hearing "the interim order shall constitute a final order." Pa.R.Civ.P. 1910.11(h).

report regarding equitable distribution not a final order, where no divorce decree had been entered). Nor does the June 12 order state an additional "final" order would be entered by the Domestic Relations Section or refer to any additional proceedings. *Cf. Deasy v. Deasy*, 730 A.2d 500, 503 (Pa.Super. 1999) (finding child support order was not final where it remanded case for hearing before hearing officer). Rather, the docket entry describes the June 12 order as a "final order."

By denying Father relief after his hearing *de novo*, the June 12 order ended the proceedings by disposing of all remaining claims and parties and is thus appealable as a final order. *See* Pa.R.A.P. 341(b). While we do not sanction the trial court's entry of duplicative "final" orders following *de novo* hearings in child support cases, or orders that do not conform to the form prescribed by the Rules, we will not elevate the form of the June 12 order over its substance. *See Krakovsky v. Krakovsky*, 583 A.2d 485, 487 n.1 (Pa.Super. 1990) (allowing appeal from trial court's denial of exceptions from *decree nisi* despite its deviation from Rules of Civil Procedure governing domestic relations cases, where the substance of the proceedings was the same; stating denying the appeal would "elevate form over substance").

We therefore turn to the merits of Father's issue. Father argues that the court erred in failing to apply Rule 1910.16-4(d)(2), "*Varied Partial or Shared Physical Custodial Schedule*," when calculating the child support owed by Mother, because each child spends different amounts of time with the parties. Father argues that under subsection (d)(2)(ii)(A), Mother's average custodial

time divided amongst all three children is 16.66%. He argues that because 16.66% is below 40%, subsection (d)(2)(ii)(B) provides Mother is not entitled to a reduction in her support obligation. Father argues the court should therefore have found the basic support obligation for three children was $2,161, and that Mother was obligated to pay Father 38.5% of this amount, based on her percentage of the parties' combined monthly incomes.

We are guided by the following standard of review.

> In reviewing orders granting, denying or modifying support, this Court is limited to considering whether, based on clear and convincing evidence, the trial court abused its discretion. An abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality.

**Capuano**, 823 A.2d at 999 (citation omitted). We will reverse a child support order only where it "cannot be sustained on any valid ground." **Silver v. Pinskey**, 981 A.2d 284, 291 (Pa.Super. 2009) (*en banc*) (citation omitted).

Rule 1910.16-4 governs the calculation of child support. Subsection (a)(1) provides formulas for the basic calculation. **See** Pa.R.Civ.P. 1910.16-4(a)(1). Subsection (c) addresses when the obligor exercises substantial or equally shared custody of a child for whom support is owed. **See** Pa.R.Civ.P. 1910.16-4(c).

Subsections (d)(1) and (d)(2) of the Rule provide as follows.

**(d) Divided or Split Physical Custody. When Each Party Owes Child Support to the Other Party. Varied Partial or Shared Custodial Schedules.**

(1) *Divided or Split Physical Custody. When Each Party Owes Child Support to the Other Party.* When calculating a basic child support obligation and each party owes child support to the other party as a result of the custodial arrangement, the trier-of-fact shall offset the parties' respective basic child support obligations and award the net difference to the obligee as child support.

. . .

(2) *Varied Partial or Shared Physical Custodial Schedule.*

(i) The trier-of-fact may reduce a party's basic child support obligation when the parties have more than one child and each child spends either different amounts of:

(A) partial or equally shared custodial time with the higher monthly net income party; or

(B) partial custodial time with the lower monthly net income party.

(ii) In determining whether a party is entitled to a reduction as provided in subdivision (d)(2)(i):

(A) the trier-of-fact shall:

(I) add the percentage of annual overnights each child spends with that party; and

(II) divide by the number of children to determine the party's average percentage of custodial time.

(B) If the average percentage of custodial time is 40% or more:

(I) subdivision (c) applies; and

(II) the trier-of-fact shall reduce the party's basic child support obligation accordingly.

Pa.R.Civ.P. 1910.16-4(d)(1), (2) (examples omitted). The official note to subsection (d)(2) states,

In cases with more than one child and varied partial or shared custodial schedules, it is not appropriate to perform a separate

calculation for each child and offset support amounts as that method does not consider the incremental increases in support for more than one child built into the schedule of basic child support.

Pa.R.Civ.P. 1910.16-4(d)(2), Note.[5]

We agree with the court that subsection (d)(2) does not apply here. Subsection (d)(2) applies "when the parties have more than one child and **each child** spends either different amounts of (A) **partial or equally shared** custodial time with the higher monthly net income party[,] or (B) **partial** custodial time with the lower monthly net income party." Pa.R.Civ.P. 1910.16-4(d)(2)(i) (emphasis added). Thus, subsection (d)(2) only affects the calculation when the parties share partial or equal custody of multiple children. In that situation, the obligor's basic support obligation for those children is determined using the number of children for whom custody is split, and then reduced if the obligor's combined custodial time across those children is 40% or more. **See** Pa.R.Civ.P. 1910.16-4(d)(2)(ii)(A), (B). If so, the Rule refers to the calculation for substantial physical custody set forth in subsection (c), used when a given child spends 40% or more overnights with the obligor. **See** Pa.R.Civ.P. 1910.16-4(d)(2)(ii)(B).

Here, only one of the three children shares custodial time with both Mother and Father. Therefore, subsection (d)(2) does not apply.

We are further guided by the official examples. Following subsection (d)(1), which instructs the court to offset the parties' obligations to each other, when they both owe support, are two examples. Example 1 describes an

---

[5] None of the other subsections are relevant here.

arrangement where one child resides with the mother and two children reside with the father. Example 2 describes an arrangement where one child resides with the mother and the parties share equal custody of the second child. In neither example do both parties share custody of multiple children. Both examples have two obligors, and both instruct the court to calculate the support obligation for the parties separately and then offset the results. Thus, in Example 1, the court is instructed to calculate the mother's support obligation for the two children residing with the father; separately calculate the father's support obligation for the one child living with the mother; and then offset these amounts. Similarly, in Example 2, the court is instructed to calculate the father's obligation for the one child living with the mother; separately calculate the mother's obligation to the father for the child over whom they share equal custody (as mother is the higher income earner, and therefore the obligor for purposes of that child), including the equal-custody reduction pursuant to subsection (c); and offset the amounts.[6]

_____

[6] The examples to subsection (d)(1) are as follows.

> *Example 1.* If the parties have three children, one child resides with Mother and two children reside with Father, and the parties' monthly net incomes are $4,000 and $2,000 respectively, Mother's basic child support obligation is calculated using the schedule in Pa.R.C[iv].P. No. 1910.16-3 for two children at the parties' combined monthly net income of $6,000. The basic child support obligation is $1,628. As Mother's income is 67% of the parties' combined monthly net income, Mother's basic child support obligation for the two children living with Father is $1,091. Father's basic child support obligation is calculated using the

*(Footnote Continued Next Page)*

In the instant case, in accordance with these examples, the court calculated Mother's obligation to Father for the two children who reside with him; separately calculated Father's obligation to Mother for the one child of whom they share equal custody (because Father is the higher income earner, and therefore the obligor for purposes of K.F.), including the equal-custody

_____

schedule in Pa.R.C[iv].P. No. 1910.16-3 for one child at the parties' combined monthly net income of $6,000. The basic child support obligation is $1,097. Father's basic child support obligation for the child living with Mother is $362. Subtracting $362 from $1,091 produces a basic child support obligation of $729 payable to Father as child support.

*Example 2.* If the parties have two children, one child resides with Mother and the parties equally share custody (50%--50%) of the other child, and the parties' monthly net incomes are as set forth in Example 1. The basic child support obligation is calculated using the schedule in Pa.R.C[iv].P. No. 1910.16-3 for the one child primarily residing with Mother at the parties' combined monthly net income of $6,000, the basic child support obligation is $1,097. Father's income is 33% of the parties' combined monthly net income, and the basic child support obligation for the child living with Mother is $362. For Mother's obligation for the child with the equally shared custody arrangement, using the schedule in Pa.R.C[iv].P. No. 1910.16-3 for one child at the parties' combined monthly net income of $6,000, the basic child support obligation is $1,097. Mother's proportionate share of the combined monthly net incomes is 67%, but it is reduced to 47% after applying the shared parenting time adjustment for 50% custody under subdivision (c). Mother's basic child support obligation for the shared custody child is $516 ($1,097 x 47%). As Mother's obligation is greater than Father's obligation, Father is the obligee and receives the net of the two obligations by subtracting $362 from $516, or $154.

Pa.R.Civ.P. 1910.16-4(d)(1), Example 1, Example 2.

- 11 -

reduction pursuant to subsection (c); and then offset these amounts to determine Mother's remaining obligation. This was proper.

The three examples following subsection (d)(2) are further instructive. In each of these examples, unlike in the instant case, the parties share custody of multiple children. In the first two examples, unlike in the instant case, there is only one obligor. The court is instructed to base the support obligation on the total number of children, and subsection (d)(2) acts to reduce the obligor's obligation when that parent exercises at least 40% custody across the children of whom custody is shared.[7] These examples do not apply here.

---

[7] The first two examples to subsection (d)(2) are as follows.

> *Example 1.* The parties have two children and one child spends 50% of the annual overnights with Mother, who has the higher monthly net income, and the other child spends 20% of the annual overnights with Mother. Add those percentages together and divide by the number of children (50% plus 20% = 70% divided by 2 children = 35% average time with Mother). Pursuant to subdivision (d)(2)(ii)(B), Mother is not entitled to a reduction in the support order for substantial parenting time.

> *Example 2.* The parties have three children. Two children spend 50% of the annual overnights with Mother, who has the higher monthly net income, and the third child spends 30% of the annual overnights with Mother. Add the percentages of custodial time for all three children together and divide by the number of children (50% plus 50% plus 30% = 130% divided by three children = 43.33% average percentage of time with Mother). Pursuant to subdivision (d)(2)(ii)(B), Mother is entitled to a reduction in the support order for substantial parenting time.

Pa.R.Civ.P. 1910.16-4(d)(2), Example 1, Example 2.

- 12 -

In the third example, the parties have three children. Each party exercises primary, but shared, custody over one child, and the parties share equal custody of the third child. However, this example does not instruct the court to calculate support using the basic obligation for three children, as Father requests. Like the instant case, the example considers that there is more than one obligor. The example therefore instructs the court to first calculate the support obligation for one child, owed by the lower-income earner, just as it would have done under (d)(1). Then, the example instructs the court to calculate the support obligation for the other two children, owed by the higher-income earner and, pursuant to (d)(2), reduce that party's obligation according to the average custodial time that party spends with those two children for whom custody is shared. The court must then offset the amounts, just as in (d)(1).[8]

_____

[8] Example 3 to subsection (d)(2) states,

> *Example 3.* The parties have three children, Mother has primary custody (60%--40%) of one child, Father has primary custody (60%--40%) of one child, and the parties share custody (50%--50%) of the third child. The parties' monthly net incomes are $2,500 (Mother) and $2,000 (Father). As a result of the custodial arrangement, Father owes support for the child in the primary custody of Mother and Mother owes support for the child in the primary custody of Father and for the child shared equally between the parties. Father's basic child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for one child at the parties' combined monthly net income of $4,500. The basic child support obligation is $941. Father's proportionate share of the combined monthly net incomes is 44%, but is reduced to 34% after applying the shared parenting time adjustment for

*(Footnote Continued Next Page)*

This example makes clear that subsection (d)(2) only applies to reduce the obligation for a parent who owes support for multiple children, but exercises at least 40% custody of those children. It allows the court to calculate the obligation of that parent using the basic support obligation for multiple children, and still reduce that parent's obligation using his or her average custodial time (such as would have been done for a single child under subsection (c)), rather than having the court calculate multiple obligations using the basic child support applicable for a single child. The latter practice would ignore the incremental increase in support for multiple children that is built into the basic support obligation. ***See*** Pa.R.Civ.P. 1910.16-4(d)(2), Note.

Here, the parties only share custody of one child, K.F. And, because the parties share equal custody of K.F. and because Father is the higher income earner, it is Father, and not Mother, who is the obligor for purposes of K.F.

_____

40% custody under subdivision (c). Father's basic child support obligation for this child is $320 ($941 x 34%). Mother's basic child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for two children at the parties' combined monthly net income of $4,500. The basic child support obligation is $1,414. Mother has varying partial or shared custody of the two children (40% and 50%). Under subdivision (d)(2), the custodial time is averaged or in this case 45%. Mother's proportionate share of the combined monthly net incomes is 56%, but it is reduced to 41% after applying the shared parenting time adjustment for 45% custody under subdivision (c). Mother's basic child support obligation for these children is $580 ($1,414 x 41%). Offsetting the support obligations consistent with subdivision (d)(1), Mother's obligation is greater than Father's obligation, and Father is the obligee receiving the net of the two obligations by subtracting $320 from $580, or $260.

Pa.R.Civ.P. 1910.16-4(d)(2), Example 3.

Because Father exercises over 40% custody of K.F., his obligation is reduced pursuant to subsection (c), even without the application of subsection (d)(2). Subsection (d)(2) does not apply to reduce Mother's obligation for the other two children, because she does not exercise any custody of those children. The court did not misapply the law or abuse its discretion.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/18/2025